FILED

17 MAY 18 AM 11: 52

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ <del>AD</del>
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**SANTOS LOA,**

     **Petitioner,**

-vs-               **Case No. A-16-CA-1146-SS**

**LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,**

     **Respondent.**

---

## O R D E R

  BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Santos Loa's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], Respondent Lorie Davis's Response [#10], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#12]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

  All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Loa is entitled to de novo review of the portions of the Magistrate Judge's report to which he files specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Loa did not file written objections to the Magistrate Judge's



report and recommendation, and thus review is for plain error only. Nevertheless, this Court has reviewed the entire file de novo and agrees with the Magistrate Judge's recommendation.

## Background

Petitioner Loa is in state custody pursuant to two judgments and sentences: a December 1986 aggravated sexual assault conviction, for which he was given life imprisonment, and August 1986 aggravated sexual assault conviction, for which he was also sentenced to life imprisonment. The two sentences run consecutively.

In his habeas petition, Loa does not challenge the validity of his convictions or sentences; rather, he challenges denial of parole, which occurred on May 20, 2015. Loa filed for special review of the parole decision, but that request was denied on October 2, 2015. On November 12, 2015, Loa filed an application for state writ of habeas corpus challenging the parole decisions. Specifically, in his state application, Loa argued (1) the Texas Parole Board illegally denied him parole by relying on the same static factors for each parole decision and (2) the Texas Parole Board improperly considered his legal activities. On June 22, 2016, the Texas Court of Criminal Appeals denied relief without a written order on the findings of the trial court, which had recommended relief be denied.

Loa then filed the instant federal petition with this Court on October 10, 2016. Loa claims he has repeatedly been denied parole for the same static reasons. He also argues the process for special review of the parole decisions is constitutionally inadequate and violates the separation of powers doctrine.

Respondent submitted a response to Loa's petition on January 4, 2017, and Magistrate Judge Austin issued his report and recommendation on April 19, 2017.

**Analysis**

**I.     Legal Standards**

**A.     Exhaustion of State Remedies**

In order for a federal court to review a habeas petitioner's claim for relief, the petitioner must have exhausted the state remedies available to him. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). 28 U.S.C. § 2254(b)(1) expressly provides "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State . . . ." Whether a federal habeas petitioner has exhausted state remedies is a question of law. *Wilder*, 274 F.3d at 259. To exhaust, a petitioner "must have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997) (citations omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citation omitted). Indeed, "where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Wilder*, 274 F.3d at 259 (citations omitted).

But as an exception to the general rule that a petitioner must first exhaust claims in state court, a federal court may find procedural default on a claim that would be procedurally barred if raised in state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, when a petitioner fails to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred, the petitioner can still obtain federal habeaus review if he can show either (1) cause and actual prejudice

-3-

for his procedural default or (2) a failure to address the merits of the federal claim would result in a miscarriage of justice. *Id.* at 750.

## B.    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

If state remedies have been exhausted, a federal court reviewing a state conviction is guided by 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 131 S. Ct. 770, 783–85 (2011).

§ 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Harrington*, 131 S. Ct. at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

## II.    Application

## A.    Unexhausted Claim

Respondent claims Loa failed to exhaust his state court remedies in challenging the process for special review of parole decisions as constitutionally inadequate and a violation the separation

of powers doctrine. A review of the state court records demonstrates Loa did not allege that review of parole decisions was constitutionally deficient or violated the separation of powers doctrine. In his state application for habeas relief, Loa only raised two grounds for relief (1) the Texas Parole Board's considers the same static factors in each parole decision, and (2) the Texas Parole Board improperly denied Loa's petition for special review by considering his legal activities. At no place in his state application did Loa allege the special review process was constitutionally inadequate or a violation of the separation of powers doctrine.

However, if Loa were to raise this claim in a subsequent state application for habeas corpus relief, it would now be dismissed as an abuse of writ. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4 (barring a court from considering a subsequent habeas application unless specific facts are present). Loa could nevertheless obtain federal habeas review upon a showing of cause and actual prejudice for his procedural default or a showing that failure to address the merits of his federal claim would result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. Loa has made no such showing and therefore Loa is barred from raising his unexhausted claim.

**B.     Denial of Parole**

In a separate ground for relief, which was exhausted at the state level, Loa challenges his May 2015 denial of parole, claiming the Texas Parole Board has repeatedly denied him parole for the same static reasons. Although this ground is not procedurally barred, Loa's challenge of the May 2015 parole decision does not furnish a basis for federal habeas corpus relief.

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole protected by the Due Process Clause.

*Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson*, 110 F.3d at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

      Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with *complete discretion* to grant, or to deny parole release . . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Loa has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

Thus, having independently reviewed the state court records and Loa's federal habeas application, the Court finds Loa's claims do not warrant federal habeas relief.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.

A COA may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Loa's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

**Conclusion**

Accordingly:

IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#12] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Santos Loa's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _17_ day of May 2017.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE